# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILMINGO JAMISON,** | : | CIVIL ACTION NO. 1:14-CV-1014 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN KERESTES,** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 21st day of August, 2014, upon consideration of the report and recommendation (Doc. 17) of Chief Magistrate Judge Martin C. Carlson, recommending the court deny the petition (Doc. 1) for writ of habeas corpus filed by petitioner and state prisoner Philmingo Jamison ("Jamison") pursuant to 28 U.S.C. § 2254, wherein Judge Carlson concludes that discretionary parole denials do not offend constitutional guarantees of substantive or procedural due process, (Doc. 17 at 6-7), and that Jamison has not shown the Parole Board's decision to be conscience-shocking or so sufficiently egregious as to be arbitrary or capricious, (id. at 7-9), and following an independent review of the petition, the court agreeing with Judge Carlson that Jamison's claim is meritless and subject to dismissal, see Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (holding "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980) (observing that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest . . . in not being denied parole for arbitrary or constitutionally impermissible reasons"), and it appearing that

neither party has objected to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 17) of Chief Magistrate Judge Martin C. Carlson is ADOPTED in its entirety.

2. The petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Philmingo Jamison is DENIED.

3. A certificate of appealability is DENIED.  See RULES GOVERNING SECTION 2254 CASES 11(a).

4. The Clerk of Court shall CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985).  As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error").  The court reviews the magistrate judge's report in accordance with this Third Circuit directive.